NO. 07-07-0264-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2008
_____

JOSEPH MARK DAIGLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,293-D; HONORABLE RICHARD DAMBOLD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Joseph Mark Daigle, appeals from his conviction by jury of aggravated sexual assault of a child, enhanced, and sentence of 99 years of imprisonment.[1]  The trial court filed its certification representing that appellant has the right of appeal.  However, the appellate record reflects that appellant failed to sign the certification, pursuant to Texas

---

[1] *See* Tex. Penal Code Ann. § 22.021 (Vernon 2007).  This is a first degree felony punishable by imprisonment for life or any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.32 (Vernon 2003). Appellant plead true to both enhancement paragraphs contained within the indictment and his sentence was enhanced accordingly pursuant to Texas Penal Code § 12.42 (Vernon 2007).

Rule of Appellant Procedure 25.2(d), which requires the certification to be signed by appellant and a copy served on him.[2]  *See* Tex. R. App. P. 25.2(d).

Consequently, we abate the appeal and remand the cause to the 320th District Court of Potter County for further proceedings.  On remand, the trial court shall utilize whatever means it finds necessary to secure and file with this Court a certificate of right to appeal that complies with Rule 25.2(d).  *See* Tex. R. App. P. 25.2(d).

If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by September 8, 2008.

It is so ordered.

Per Curiam

Do not publish.

---

[2] Effective September 1, 2007, Rule 25.2(d) was amended to require certifications executed after the effective date to be signed by appellant and a copy served on him.  *See* Tex. R. App. P. 25.2(d); *Mason v. State,* No. 07-07-0383-CR, 2008 WL 2221806 (Tex.App.–Amarillo May 29, 2008) (mem. op., not designated for publication).